**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| CARLOS H. NIETO, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-680 |
| | § | JURY |
| SCHNEIDER NATIONAL | § | |
| CARRIERS, INC. | § | |
| | § | |
|     Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Carlos H. Nieto, complaining of Defendant Schneider National Carriers, Inc. and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff, Carlos Nieto, is a citizen of the United States and the State of Texas and resides in Collin County, Texas.

2. Defendant, Schneider National Carriers, Inc., is a foreign corporation doing business in Texas that may be served with citation by serving its designated Agent for Service of Process: C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

**JURISDICTION**

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the action arises under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.,* the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and the ADA Amendments Act of 2008. The Court has supplemental jurisdiction over the Tex. Lab. Code Ann. § 451.001 *et. seq.*

claim pursuant to 28 USCS § 1367.

## NATURE OF ACTION

4. This is an action under 29 U.S.C. § 2601 *et. seq.* to correct violations of the Family and Medical Leave Act (FMLA). This action is also brought under 42 U.S.C. § 12101 *et. seq.* to correct violations of the Americans With Disabilities Act and the ADA Amendments Act of 2008. (ADA). This action is further brought to correct the Defendants' unlawful discrimination in violation of the Tex. Lab. Code Ann. § 451.001 *et. seq.*, the anti-retaliation provision of the Texas Workers' Compensation Act.

## CONDITIONS PRECEDENT

5. All conditions precedent to jurisdiction under the FMLA have occurred or been complied with: At the time of termination, Plaintiff was employed for at least 12 months by Defendant and had worked at least 1,250 hours for Defendants in the previous 12 month period prior to his need for leave and had not exhausted his 12 weeks of entitled leave prior to his need for leave. Plaintiff was granted and took FMLA leave prior to his termination and was an "Eligible Employee" as defined under 29 U.S.C. § 2611(2). Additionally, Plaintiff would show that based on information and belief, Defendant is a covered "Employer" as defined under 29 U.S.C. § 2611(4).

6. All conditions precedent to jurisdiction under the ADA have occurred or been complied with: a charge of discrimination in violation of the Americans With Disabilities Act and its amendments was filed with the Equal Employment Opportunity Commission within 300 days of the acts complained of herein. Plaintiff's Complaint is filed within 90 days of Plaintiff's receipt of the Equal Employment Opportunity Commission's July 28, 2014 dismissal and notice

of right to sue letter.

## FACTS

7. Plaintiff, Carlos Nieto ("Nieto"), was employed by Defendant, Schneider National Carriers, Inc. ("Defendant" or "Schneider") as a driver from approximately May 24, 2012 through the date of his termination on/or about September 30, 2013.

8. At the time of termination and Defendant's subsequent refusal to rehire and transfer Nieto, Nieto was attempting to return to work after having been off from work on workers' compensation and FMLA leave in connection with a work related injury and disability.

9. Specifically, Nieto was injured on the job on February 1, 2013. He was injured in an accident while a passenger in a company van and not at fault. He suffered injuries to his neck that may require surgery.

10. Nieto filed a workers' compensation claim and was taken off from work by his physician. The Defendant did not notify him of his rights under the FMLA at that time.

11. On or about May 31, 2013, the Defendant sent Nieto a letter stating that unless he called his manager, Melcom Johnson, he would be considered to have voluntarily resigned. When Nieto called Johnson on or about June 4, 2013, Nieto pointed out that he was on workers' compensation leave and that the company was aware of this. Nieto was told for the first time on or about June 15, 2013 that he needed to apply for FMLA leave.

12. Nieto applied for FMLA leave and was approved for leave from July 12, 2013 through October 3, 2013.

13. In August 2103, Nieto learned that he would be released to return to work in September 2013. Nieto notified the Defendant, but was not permitted to return to work at that

time as the Defendant claimed it needed to process some additional paperwork.

14. In approximately September/October 2013, Nieto received a letter stating that the Bulk Sand Division of Schneider in San Antonio was closing and that employees could apply for a transfer. (There was a delay in his mail being forwarded to his new address in Frisco, Texas.)

15. Nieto called Manager Christ Amaro to inquire about a transfer and was told to contact Mike Phelp. Phelp directed him to the Schneider Recruiting Department who told Nieto that he was not eligible for a transfer because of something in his record. The Recruiting Department would not disclose what that was, but told Nieto that he could ask his manager.

16. When Nieto again contacted Amaro, Amaro claimed that Nieto had a safety violation on his record and that he needed to talk to Phelp about it.

17. When Nieto called Phelp, Phelp claimed that the problem was that Nieto had been "MIA" and that he had not been able to reach Nieto by phone. It turned out that Phelp had been calling the wrong phone number. Phelp then informed Nieto that he could not transfer because Nieto would have to be rehired.

18. Nieto then called Amaro to find out what was going on and if he could transfer. Amaro referred him to Nick in the Safety Department, who then told Nieto that he could not transfer because he had been terminated on September 30, 2013. Nieto was also told by Nick that he was not eligible for rehire because he had a safety violation on his record from the February 1, 2013 van accident.

19. This stated reason was false and a pretext for discrimination because of Nieto's disability, his filing a workers' compensation claim and asserting his rights and taking leave under the FMLA. Nieto was not at fault in the accident and was not the driver at the time of the

accident. Nieto was a passenger at the time of the accident and committed no safety violation. On information and belief, there were other passengers in the van at the time of the accident that were not injured and did not file workers' compensation claims and remained employed, were transferred and/or rehired.

20. The accident did result in Nieto filing a workers' compensation claim and taking an extended medical FMLA leave because of an on-the-job injury and resulting disability.

21. The Defendant's termination of Nieto's employment and subsequent refusal to consider Nieto for rehire or transfer was retaliatory and discriminatory in violation of the Americans With Disabilities Act and ADAAA as amended, as well as the Family and Medical Leave Act and Section 451.001 of the Texas Labor Code.

## FAMILY AND MEDICAL LEAVE ACT

22. Plaintiff incorporates the above facts as set forth in paragraphs 7-21.

23. Defendant discriminated against, terminated and refused to rehire or transfer Plaintiff in retaliation for requesting and taking FMLA leave in violation of 29 U.S.C. § 2615(b)(1).

24. Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family and Medical Leave Act.

25. Plaintiff alleges that Defendant willfully discriminated and interfered with Plaintiff's rights under the Family and Medical Leave Act and retaliated against Plaintiff for taking FMLA leave.

## DISCRIMINATION UNDER THE ADA

26.     Plaintiff incorporates the above facts as set forth in paragraphs 7-21.

27.     Defendant subjected Plaintiff to discrimination based on his disability (neck injury) by terminating his employment, refusing to rehire or transfer him and denying him reasonable accommodations for his disability in violation of Americans With Disabilities Act, 42 U.S.C. 12112(a) and 12112(b)(5)(A) and the ADA Amendments Act of 2008.

28.     Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff, within the meaning of Section 1981a(b)(1) of Title 42 of the United States Code.

## § 451.001 TEX. LAB. CODE

29.     Plaintiff incorporates the above facts as set forth in paragraphs 7-21.

30.     Plaintiff alleges that he was discharged and/or otherwise discriminated against, including being marked ineligible for rehire, given a safety violation and not being rehired or transferred because: (1) he, in good faith, filed a workers' compensation claim; and/or (2) he instituted a workers' compensation proceeding.  Plaintiff will show that but for his participation in any of the above protected activities, the Defendant would not have discharged or otherwise discriminated against him.

## DAMAGES

31.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

        a.     Back pay from the date that Plaintiff was terminated;

        b.     Front pay, including other wages and compensation employee

would have been entitled to;

c. Loss of employment benefits (past and future);

d. Mental anguish damages (past and future) and other compensatory damages as permitted by law under the ADA and Section 451.001 of the Texas Labor Code;

e. Exemplary damages as permitted by law under the ADA and Section 451.001 of the Texas Labor Code;

f. Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

g. Reasonable and necessary expert witness fees and other costs incurred in pursuit of this suit as permitted by law; and

h. Pre-judgment and post-judgment interest as permitted by law.

## LIQUIDATED DAMAGES

32. In addition to the above damages, Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully; therefore, Plaintiff also seeks recovery from Defendant for liquidated damages pursuant to 29 U.S.C § 2617(1)(A)(iii).

## SPECIFIC RELIEF

33. Plaintiff additionally seeks the following equitable relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Reinstatement of the Plaintiff to the position and pay grade (including benefits) which Plaintiff held but for the unlawful actions of Defendants.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Carlos H. Nieto, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; including actual, exemplary and liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ Laura E. Calhoun_____
Laura E. Calhoun
Texas Bar No. 06342400
Law Office of Laura Calhoun, P.C.
5068 W. Plano Pkwy., Suite 300
Plano, Texas  75093
Tel. (972) 447-8301
Fax (972) 447-8302
E-mail:laura@lauracalhounlaw.com
**ATTORNEY FOR PLAINTIFF**